UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

NSSX TRANSPORTATION, LLC,

        Petitioner,

Case No.:

v.

CSX TRANSPORTATION, INC.,

        Respondent.

## PETITION

Petitioner, NSSX TRANSPORTATION, LLC ("NSSX"), by and through its attorneys, Smith, Sovik, Kendrick & Sugnet, P.C.,[1] submits the following as its Petition for an Order to Compel Arbitration:

1. This Petition to compel arbitration arises out of a hybrid personal-injury and indemnification claim pending in the United States District Court for the Northern District of New York (the "NDNY Action"). Exh. **"A"** (NDNY Action Complaint).

2. Charles Carter was employed by Respondent CSX TRANSPORTATION, INC. (CSX), on the date in question. Carter was allegedly injured as a result of an on the job accident. Carter asserted he had a claim against CSX, and CSX demanded that the Petitioner, NSSX Transportation, LLC (NSSX), defend and indemnify CSX relative to that claim. NSSX disputed it had a duty to defend and indemnify CSX.

---

[1] Petitioner's attorneys have submitted a motion for special admission along with this Petition.

Further, CSX refused to provide NSSX with evidence supporting CSX's claims regarding what it had allegedly paid Carter in the form of FELA benefits. For these reasons, among others, NSSX declined to accept CSX's tender. CSX then settled Carter's claims against it by paying Carter a lump sum of money, but CSX refused to inform NSSX how much it paid to settle the matter and continued to demand (without foundation) that NSSX reimburse CSX for all amounts it paid Carter. CSX then sued NSSX in Northern District of New York (NDNY) for indemnification. Moreover, CSX's attorneys, who now also represent Carter, commenced an action against NSSX on behalf of Carter as well. That is, CSX and Carter are co-plaintiffs in the NDNY matter against NSSX.

3. In addition to seeking indemnification from NSSX, CSX also seeks indemnification in the NDNY matter from NATIONAL SALVAGE & SERVICE CORPORATION ("NSSC"). As such, NSSX and NSSC are co-defendants in the NDNY matter.

4. In response to the Complaint in the NDNY action, NSSX and NSSC moved to, among other things, compel arbitration. In its opposition brief, CSX agreed to arbitrate its claims against NSSC. However, CSX opposed arbitrating its claims against NSSX.

5. The Court in the NDNY action granted the motion to compel arbitration as to NSSC, but it denied the motion as to NSSX. The Court reasoned that it could not compel arbitration under the Federal Arbitration Act as to NSSX because the subject arbitration provision required such arbitration to be held in Jacksonville, Florida. The NDNY therefore directed NSSX to make a Petition to Compel Arbitration before this Court. Exh. **"B"** (NDNY Decision).[2]

## PARTIES, VENUE, JURISDICTION

6. NSSX is an Indiana Limited Liability Company with its principal place of business in Bloomington, Indiana.

7. CSX is a corporation incorporated pursuant to the laws of the Commonwealth of Virginia.

8. CSX maintains its principal place of business in Jacksonville, Florida.

9. CSX is domiciled in Jacksonville, Florida.

10. Non-party NSSC is an Indiana Limited Liability Company with its principal place of business in Bloomington, Indiana.

11. This Court has jurisdiction over this action by virtue of 42 U.S.C. § 1332 and 9 U.S.C. § 4.

---

[2] The papers from the motion to compel arbitration in the NDNY action have been attached to this Petition as Exhibit **"C"**. Exhibit **"C-1"** contains the initial motion papers. Exhibit **"C-2"** contains the opposition brief. Exhibit **"C-3"** contains the reply papers.

12. This Court is the proper venue for this proceeding by virtue of 9 U.S.C. § 4. Notably, the Northern District of New York also identified this Court as the proper venue for this proceeding in its Memorandum-Decision and Order. Exh. **"B"** at 9.

## PRIOR PROCEEDINGS

13. CSX and Carter commenced the NDNY Action against NSSC and NSSX by a Summons and Complaint. Exh. **"A"**.

14. NSSC and NSSX responded by making a motion to compel arbitration and/or to dismiss the NDNY Action Complaint. Exh. **"C-1"**.

15. CSX agreed to arbitrate its claims against NSSC pursuant to a contract between CSX and NSSC. Exh. **"C-2"**.

16. However, CSX opposed NSSX's motion to compel arbitration, arguing NSSX could not enforce the agreement between CSX and NSSC, which contained the operative arbitration provision. Exh. **"C-2"**.

17. The Court in the NDNY Action issued a Memorandum-Decision and Order. Exh. **"B"**. As relevant here, the Court found it could not rule on NSSX's motion because the subject arbitration provision laid venue for the arbitration in Jacksonville, Florida. *Id.* at 9. Therefore, the Court "stay[ed] Plaintiff CSX's claims against . . . NSSX before this Court" so that "NSSX the opportunity to move to compel arbitration in the Middle District of Florida." *Id.*[3]

---

[3] NSSX made various alternative arguments regarding dismissal of CSX's NDNY Action Complaint. The Court in the NDNY Action explained, "if the Middle District of Florida does not permit Defendant NSSX to compel arbitration, then, at that time,

18.  Additionally, while not strictly relevant to this case, this Court should know the Court in the NDNY Action stayed Carter's claims pending the arbitration between CSX and NSSC (and possibly NSSX, pending the result of this Petition).

## CSX'S CLAIMS AGAINST NSSX ARISE OUT OF THE CONTRACT BETWEEN NSSC AND CSX, WHICH INCLUDES AN ARBITRATION PROVISION THAT APPLIES TO NSSX AS WELL AS NSSC

19.  CSX sued NSSC and NSSX alleging negligence and seeking recovery of settlement funds it paid to its employee, Carter.  The settlement arose out of a workplace incident at a jobsite where NSSC was also performing work.

20.  As CSX conceded in briefing during the NDNY action, CSX has to arbitrate its claims against NSSC because its contract with NSSC includes an arbitration provision.

21.  The arbitration provision at issue, in full, reads,

> 25.    Arbitration.  Any controversy or claim arising out of or relating to this Contract, or the breach thereof, shall be settled through binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment on the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction.  Exclusive venue for such arbitration shall be Jacksonville, Florida.

Exh. **"D"**, at ¶ 25.

---

this Court may consider its pending motion, in the alternative, to dismiss Plaintiff CSX's claims against Defendant NSSX." Exh. **"B"** at 10.

22. By conceding the arbitrability of the claims against NSSC, CSX implicitly conceded its claims against NSSC arise out of or relate to the CSX-NSSC contract.

23. In fact, even had CSX not made such a concession, it was readily apparent CSX's claims arose out of its contract with NSSC for two reasons:

    a. First, none of CSX's claims would exist absent the contract because NSSC performed its work pursuant to the contract. The Complaint alleges "CSX and [NSSC] were parties to a Service Contract for Scrap Tie Pickup and Disposal . . . which, among other things, allocated the risk of loss to National Salvage's and its affiliates' (including NSSX's) for their operations on or about CSX's right of way, including with respect to the incident and Carter's related damages." Exh. **"A"** at ¶ 24.

    b. Second, CSX relies on the contract as a basis for its claims. CSX also asserts a breach of contract claim against NSSC as well as a common-law indemnity claim (grounded in the idea that CSX was held liable because of NSSC's contractual work) against NSSC and NSSX. Exh. **"A"** at ¶¶ 48–67. The Complaint continues, "[i]n response to Carter's Claim against CSX and in compliance with the terms of the Services Agreement, CSX served timely written notices upon [NSSC] and its insurance carriers . . . on the basis of

> Defendants' negligence and the terms of the Services Agreement between CSX and [NSSC]." *Id.* at ¶ 25.

24. NSSX is not a party to the Agreement between CSX and NSSC. Nevertheless, NSSX asks this Court to compel CSX to arbitrate its claims against NSSX because: a) CSX's claims against NSSX mirror the claims CSX has made against NSSC; and b) NSSC and NSSX are closely related in that they are both owned by the same holding company and they work together to fulfill NSSC's contractual duties, like those in the present matter.

25. Even a cursory reading of the NDNY Action Complaint reveals CSX's claims against NSSX and NSSC are substantially similar as a matter of fact and law. Notably, except for a single allegation that NSSX is a lessor of equipment while NSSC performs the work, every factual and legal contention CSX raises in the NDNY Action Complaint lumps NSSX and NSSC together. In the NDNY Action Complaint, CSX makes joint allegations either against "National Salvage [NSSC] and/or NSSX" or "National Salvage [NSSC] and NSSX" no less than seventeen times. By way of more specific examples, the Complaint routinely lumps NSSC and NSSX together:

    a.    The Complaint claims the equipment at issue was operated by Danny Thacker, "an employee of [NSSC] and/or NSSX." Compl. at ¶ 15.

    b.    The Complaint claims "[NSSC] and/or NSSX had opportunity and reason to inspect, assess, and remove" the equipment. Compl. at ¶ 16.

    c.    Plaintiffs do not even commit to whether "[NSSC] and/or NSSX supplied" the equipment at issue here. Compl. at ¶ 18.

    d.    Plaintiffs claim "[NSSC] and/or NSSX are vicariously and jointly liable for the negligence of their employees (including Thacker) under the doctrine of *respondeat superior* and for all resulting damages." Compl. at ¶ 44.

26. Further, as established by the Declaration of NSSC's general counsel, NSSC and NSSX are closely related in that they are both owned by the same holding company and they work together to fulfill NSSC's contractual duties, like those in the present matter. *See* Exh. **"C-1"**, Rushenberg Decl.

27. CSX has refused to arbitrate its claims against NSSX despite a written agreement permitting arbitration. NSSX is aggrieved by CSX's refusal to arbitrate because, if CSX's position is vindicated, NSSX will be subject to litigation in the Northern District of New York on the same factual issues and legal claims that NSSC will be defending in arbitration in Jacksonville, Florida. If CSX is permitted to ignore the arbitration provision as to NSSX, it will effectively have two bites at the apple on

all of its factual and legal claims: once in arbitration against NSSC and again in litigation against NSSX.  Further, if CSX's is permitted to circumvent the arbitration provision, NSSC and NSSX will be subject to duplicative written discovery, depositions, motion practice, and hearings with overlapping proof while also being subject to potentially inconsistent results.  Finally, if CSX is permitted to forego arbitration, CSX may try to craft one of the parallel proceedings to aid its claims in the other proceeding, which is patently unjust and a waste of judicial resources.

28.  Based on the similarity of the legal and factual allegations, and as explained in the accompanying Memorandum of Law, CSX is equitably estopped from claiming NSSX, as a nonsignatory, cannot enforce the arbitration provision in CSX's contract with NSSC as a matter of Florida law.

29.  For these reasons, NSSX respectfully requests an Order and Judgment of this Court compelling CSX to arbitrate its purported claims against NSSX alongside its claims against NSSC along with such further relief as this Court deems fair, just, and equitable.

**WHEREFORE**, Petitioner, NSSX TRANSPORTATION, LLC, respectfully requests an Order and Judgment of this Court compelling Respondent, CSX TRANSPORTATION, INC., to arbitrate its purported claims against Petitioner, NSSX TRANSPORTATION, LLC, along with such further relief as this Court deems fair, just, and equitable.

Dated: September 7, 2023

**SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

By: _____
Steven Ward Williams[4]
David M. Katz[5]
*Attorneys for Petitioner*
250 South Clinton Street, Sixth Floor
Syracuse, New York 13202
Telephone: (315) 474-2911
Facsimile: (315) 474-6015
Email: swilliam@smithsovik.com
dkatz@smithsovik.com

---

[4] Motion for special admission pending.

[5] Motion for special admission pending.

{S1885133.1}                                10